ALFRED McGAVOCK v. PHŒBE YOUNG and others.

October Term, 1877.

CHANCERY PRACTICE — PUBLICATION UPON A RETURN OF NOT FOUND. — Where, upon a bill averring that all of the defendants were citizens of Davidson County, the subpœna issued to that county was returned by the sheriff four days before the return-day, indorsed as to one of the defendants, "Not to be found in my county," whereupon publication was made for that defendant, commencing and being completed within the term, it was held that a final decree could not be taken at that term.

*Lea*, for complainant.

THE CHANCELLOR: — Bill filed September 14, 1877, against defendants, all of whom are alleged to be citizens of Davidson County, Tennessee. The subpœna was issued on September 15th, and returned on the 26th of that month, executed on all of the defendants except Raymond Young, and as to him the return is, " He is not to be found in my county." The subpœna was made returnable to the first Monday, being the first day, of October. On October 4th, the clerk and master made an order, based upon the sheriff's return, that the defendant Raymond Young enter his appearance on or before the first Monday of November next thereafter, and make defence, or the bill would be taken for confessed as to him; and this order was published for four consecutive weeks, in a newspaper published at Nashville. On November 8th, the bill was taken for confessed as to all of the defendants, and transferred to the trial-docket.

Having been reached on the regular call of the docket, the complainant asks for a decree.

Previous to the Revised Rules of Chancery Practice, adopted by the chancellors, and passed into a law by the Legislature on December 14, 1871, the complainant's demand would have been premature, the complainant not being entitled to have the cause set for hearing until the " return term of the process," which would be the first term commencing more than five days after the completion of the publication. Code, secs. 2830, 4370 ; *Wessells* v. *Wessells*, 1 Tenn. Ch. 60 ; *Grewar* v. *Henderson*, 1 Tenn. Ch. 76. It is insisted, however, that by Rule XI., subsecs. 4 and 5, of the new rules, a change has been worked in the practice of the court, entitling the complainant to proceed to a hearing at the October term, if it shall continue " for a sufficient time." That rule does undoubtedly change the general law so far that, by its first three sections, original process issued more than five days before the term, and executed within the term, will justify final proceedings at that term. And in *Wessells* v. *Wessells*, *ut supra*, upon the construction put by the courts on those sections in practice, I held that publication commenced five days before the term, and completed during the term, would, in like manner, justify final proceedings at that term. The fourth and fifth sections, although equivocally worded, do authorize *alias* or mesne process, taken out at any time, to be returned to any Monday of the term ; and, if executed, do further authorize the cause " to be proceeded in for all purposes " at that term, if it shall continue " for a sufficient time." As the provisions of the first three sections of the rule were extended to publication when only " process " is mentioned, the learned counsel of the complainant is fairly justified in arguing that the provisions of the last two sections should also be extended to publication, although the words used are " *alias* and mesne process." The operative word, moreover, throughout all these sections, in reference to the process, is " executed."

If, then, publication commenced more than five days before the term, and "executed" by being completed in time during the term is as efficacious, under the first three sections, as original process executed, it is a logical deduction that publication, based upon a return of not to be found, commenced after the return day of the original process and completed in time during the term, should have the same effect as *alias* or mesne process executed under the last two sections. It is, however, precisely one of those arguments by analogy which, although logical, are not sound. The difficulty is that publication is, strictly speaking, neither *alias* nor mesne process. *Alias* process means a second writ of the same kind issued in the same cause; and mesne process signifies process which issues, pending a suit, upon some collateral interlocutory matter, such as a subpœna for witnesses, or intervenes between the beginning and end of the suit, such as a *capias ad satisfaciendum*. 3 Bla. Com. 279; Bouv. L. Dic., *voc.* "Process." Publication, if treated as process, is original process. More correctly, it is something in the place of actual service of process. Although I yielded to the existing practice of the courts, under this rule, so far as to treat publication as original process, I am unwilling to go further unsupported by usage. And I am the more willing to adopt a strict construction in this case, for the reason that the sheriff's return, on which the publication was made, was itself premature. He should have retained the writ until the return-day. A decree at this term is refused.